NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS SANTANA, | ) | No. C 07-5424 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES A. YATES, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

Petitioner entered a nolo contendere plea in Sonoma Superior Court to attempted murder and witness intimidation. Petitioner admitted the allegations of great bodily injury and criminal street gang enhancements concerning the attempted murder count. On December 17, 2004, petitioner was sentenced to twenty-six years and eight months in state prison. On direct appeal, the state appellate court directed the trial court to amend the abstract of judgment concerning a separate burglary charge and affirmed the judgment on January 16, 2007. The instant federal habeas petition was filed on October 24, 2007.

Order to Show Cause
P:\pro-se\sj.jf\hc.07\Santana424osc            1

**DISCUSSION**

A.  <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  <u>Petitioner's Claims</u>

Petitioner alleges the following claims for habeas relief: (1) the trial court improperly sentenced Petitioner to a full strength consecutive sentence on the witness intimidation count; and (2) the imposition of the upper term sentence violated <u>Blakely v. Washington</u>[1] and Petitioner's federal constitutional right to a jury trial. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state criminal proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

---

[1] <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

1   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
2   with the Court and serving a copy on Respondent within **thirty days** of his receipt of the
3   answer.
4       3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
5   an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6   Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
7   with the court and serve on Respondent an opposition or statement of non-opposition
8   within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
9   serve on Petitioner a reply within **fifteen days** of receipt of any opposition.
10      4.   It is Petitioner's responsibility to prosecute this case. Petitioner must keep
11  the Court and all parties informed of any change of address by filing a separate paper
12  captioned "Notice of Change of Address." Petitioner must comply with the Court's
13  orders in a timely fashion. Failure to do so may result in the dismissal of this action for
14  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
15      IT IS SO ORDERED.
16  DATED: 4/8/08

JEREMY FOGEL
United States District Judge