EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
SHARON R. WOODEN
Deputy Attorney General
State Bar No. 108709
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664
Telephone: (415) 703-5966
Fax: (415) 703-1234
Email: sharon.wooden@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**LUIS SANTANA,**

Petitioner,

**v.**

**JAMES A. YATES, Warden,**

Respondent.

C 07-5424 JF (PR)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
SHARON R. WOODEN
Deputy Attorney General
State Bar No. 108709
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664
Telephone: (415) 703-5966
Fax: (415) 703-1234
Email: sharon.wooden@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **LUIS SANTANA,**<br>Petitioner,<br>**v.**<br>**JAMES A. YATES, Warden,**<br>Respondent. | C 07-5424 JF (PR)<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

## STATEMENT OF THE CASE

Petitioner was sentenced to serve 26 years and eight months in prison after entering a no contest plea to attempted murder and witness intimidation and admitting that he committed the offense for the benefit of a street gang and personally inflicted great bodily. CT 195-199, 202-204, 264-266, 268-272.

Petitioner appealed to the California Court of Appeal. On January 16, 2007, the Court of Appeal affirmed the judgment. Exh. 4. On May 21, 2007 the California Supreme Court received an untimely petition for review. Exh. 5. The document was rejected and not considered by the California Supreme Court due to untimeliness. Exh. 6. Petitioner did not seek collateral review in

the state courts. Petitioner filed the instant Petition for Writ of Habeas Corpus in the United States District Court on October 24, 2007.

**STATEMENT OF FACTS**

The facts of the case were summarized by the California Court of Appeal as follows:

> At approximately 1:10 p.m. on August 25, 2002, three individuals were at a gas station in Santa Rosa when they were confronted by a group of approximately 14 members of the Sureno street gang. Believing the three individuals to be members of the rival Norteno street gang, the Sureno gang members launched a vicious attack, seriously injuring two of the individuals and leaving them for dead. One victim suffered ten to twelve stab wounds, and the other suffered a deep puncture wound to the right side of his torso, was struck repeatedly with a black baton-type device, and was hit by a vehicle as the attackers fled. During the melee, defendant was inadvertently stabbed by one of his fellow gang members. At the time of the attack, defendant was serving a five-year suspended sentence for burglary in case no. SCR-28428.
>
> A few hours after the attack, defendant was questioned by the police and claimed to have been at a wedding reception, where he became extremely intoxicated and cut his arm on a piece of glass. A witness to the attack, who had arrived at the gas station in a vehicle driven by defendant, reported that after the attack, defendant told her to tell the police the same story—that he cut his arm on a piece of glass. He said to her, "You better not talk with the cops."
>
> Under further questioning, defendant later admitted that he was involved in the attack although, as he described it, the victims provoked the Surenos by throwing objects at them and making derogatory comments, including gang references. According to defendant, one of the victims stabbed him, and he struck back with a squeegee in an effort to protect himself.

Exh. 4 at 2.

**STANDARD OF REVIEW**

This case is governed by 28 U.S.C. § 2254 as revised by the AEDPA, which provides that the federal court cannot grant habeas relief unless the state court's ruling "was contrary to, or involved an unreasonable application of," clearly established United States Supreme Court law, 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). *Williams v. Taylor*, 529 U.S. 362, 411-413 (2000).

**ARGUMENT**

**I.**

**PETITIONER WAS PROPERLY SENTENCED**

Petitioner's claim is not exhausted. For reasons of comity, a state prisoner must first exhaust his constitutional claims in state court before seeking habeas relief in the federal courts. 28

U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review to the state supreme court if that is the state's practice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, presenting a claim only to the California Court of Appeal is insufficient to exhaust; it must be presented to the California Supreme Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

Petitioner's untimely petition for review was rejected by the California Supreme Court, and he made no attempt to pursue his claim in that court by way of state collateral review. Accordingly, the current claim is unexhausted. However, this Court may deny an unexhausted claim where it is patently meritless. 28 U.S.C. § 2254(b)(2); *see Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim").

Petitioner contends the trial court improperly sentenced him to a full consecutive sentence on the witness intimidation count. Petitioner also complains the imposition of an upper term sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and petitioner's federal constitutional rights to due process and a jury trial. Petition, at p. 2.

Petitioner was sentenced to serve 26 years and eight months in prison. The court imposed a total sentence of 22 years on count I, plus a consecutive three-year term on count VIII, plus a consecutive term of one year and eight months (one-third the mid-term) for the five-year term he was already serving on a previous conviction (Case No. SCR-28428). CT 264-266, 268-272.

**A. Consecutive Sentences**

28 U.S.C. § 2254(a) provides that petitioner can only seek habeas relief if he contends he is in custody in violation of the Constitution or laws or treaties of the United States. Since petitioner's claim is exclusively concerned with state law, it is not cognizable in a federal habeas corpus proceeding and petitioner is not entitled to habeas relief on this ground. *Christian v. Rhode*,

41 F.3d 461, 469 (9th Cir. 1994); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993).

In addition, the trial court properly imposed full consecutive terms under California Penal Code section 1170.15. Count VIII charged that between the day of the gang fight on August 25, 2002 and February 2003, petitioner intimidated Witness A with the threat of express or implied force, in violation of Penal Code section 136.1, subdivision (c)(1). Witness A was listed as a witness in the case. CT 165. Petitioner entered a plea of no contest to the charge, and the defense acknowledged there was a factual basis for the plea. CT 203-205. At the time of petitioner's plea to count VIII, the prosecutor stated, "Just for the record, we're striking [the Penal Code section 186.22 gang allegation] because it makes this a life offense and not because we don't feel that it's gang related. Only for the sentence it would carry." CT 205.

At the sentencing hearing, the court found that count VIII occurred at a different time [than the gang fight] with a different criminal objective. The court imposed the full middle term of three years, to be served consecutive to the sentence on count I. CT 269. The court imposed the full middle term pursuant to California Penal Code section 1170.15, which states in pertinent part that "if a person is convicted of a felony, and of an additional felony that is a violation of section 136.1 . . . and that was committed against the victim of or a witness . . . to the first felony . . . the subordinate term shall consist of the full middle term of imprisonment."

The California Court of Appeal ruled that the trial court properly imposed a full strength three-year consecutive term on Count VIII:

> Defendant objects to the trial court's imposition of a full strength, three-year, consecutive term on count VIII, arguing that, at most, the court's findings supported a consecutive, one third the midterm sentence. Defendant theorizes that the record does not reflect "that the witness intimidation count related in any way to the first felony, or that the victim of that offense was either the victim or a witness, or a potential witness, to the first felony." He is incorrect.
>
> Section 1170.15 provides, "[I]f a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information pertaining to, the first felony . . . the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed. . . ."
>
> Defendant's crimes fall squarely within section 1170.15, and it was proper for the court to impose a full strength, consecutive midterm sentence on count VIII. Defendant pleaded

> no contest to one felony count of attempted murder and to witness intimidation in violation of section 136.1. It is evident from the presentencing report that defendant attempted to intimidate a witness to the attack that led to the attempted murder charge, instructing the witness to tell the police that he had cut his arm on a piece of glass and threatening that she "better not talk with the cops." Additionally, the indictment alleges that the witness intimidation occurred on or about August 25, 2002, the very date the attack occurred, and on February 2003, and was gang-related. Finally, in their statement in aggravation, the People repeatedly indicate[d] that the section 136.1 charge arose out of defendant's threats to a witness to the assault. In light of these facts, we find it, quite frankly, incredible for defendant to assert that "the record in no way supports the conclusion that the witness intimidation count concerned a victim or witness with respect to the first felony."
>
> In arguing that the court's statement of sentencing reasons did not support a full strength consecutive sentence, defendant notes that as to count VIII the prosecution struck the street gang allegation, and claims that "the prosecutor stated that the offense was *not* gang related, which would imply it was unrelated to the attempted murder count [Citation.]." Simply put, this is wrong. In confirming that it was striking the street gang allegation, the prosecution stated, "Just for the record, we're striking that because it makes this a life offense and *not because we don't feel that it's gang related*." (Italics added.)
>
> Defendant also makes much of the fact that the witness in count VIII is unnamed. As evidenced by the People's motion to seal the witnesses' names, this was done out of concern for the safety of the witnesses. It would most certainly be a travesty of justice were the People's efforts to protect the safety of a witness to gang-related attempted murder to result in a reduced sentence for the perpetrator of the crime. But of equal importance, the absence of the threatened witness's identification in the indictment is irrelevant, as the record amply supports the court's conclusion that the two counts were related.

Exh. 4 at 4-5.

Petitioner has failed to raise a federal claim, and the California Court of Appeal's conclusion was not an objectively unreasonable application of federal law or an unreasonable determination of the facts. Petitioner's claim fails.

**B. Upper Term**

Petitioner contends that under *Blakely v. Washington*, 542 U.S. at 296 the trial court erred by imposing an upper term based on facts that were not found by the jury. Petition, 2. Respondent submits the Supreme Court's recent decision in *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007), does not afford petitioner relief in this case. Further, the California courts' rejection of petitioner's claim was not contrary to or an unreasonable application of Supreme Court precedent. Finally, any error was harmless.

**C. Factual Background**

At the time of sentencing, the trial court found that the circumstances in aggravation

Mem. of P.'s & A.'s in Supp. of Ans. to Pet. for Hab. Corpus - *Santana v. Yates, Warden* - C 07-5424 JF (PR)

5

substantially outweighed those in mitigation. The court found that petitioner was armed and used a weapon (either a black baton handle or some other device), and the victim was particularly vulnerable (as he was attacked by a large group of individuals). Also, petitioner engaged in violent conduct (which indicated a serious danger to society), his prior adjudications and convictions were numerous, and he was on formal probation when the crimes were committed. Furthermore, petitioner's prior performance on a grant of juvenile probation and adult probation was poor. Those factors in aggravation substantially outweighed the mitigating factor that his prior performance on two grants of juvenile probation could be characterized as satisfactory. Therefore, the trial court believed the aggravated term of nine years was appropriate as to count I. CT 269.

On direct appeal, petitioner argued that his upper term in count I violated his right to jury trial under *Blakely*. The California Court of Appeal rejected the claim:

> In the final challenge to his sentence, defendant argues that the imposition of the upper term on count I violated his constitutional rights as recognized by *Blakely v. Washington* (2004) 542 U.S. 296. Defendant concedes, however, that the California Supreme Court expressly rejected this argument in *People v. Black* (2005) 35 Cal.4th 1238, that we are bound by the holding of *Black* under authority of *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, and that he is presenting this argument to preserve it for federal court review. We reject defendant's claim of a *Blakely* violation accordingly.
>
> We also note that in entering into the negotiated plea agreement, defendant expressly waived any objection on *Blakely* grounds. In a written "waiver of constitutional rights prior to entry of guilty or no contest plea," defendant noted "waive *Blakely/Apprendi* rights" as a term of the negotiated disposition. And at the October 13, 2004 change-of-plea hearing, defendant himself responded, "Yes," when the court stated, "It also looks like the term will be determined by the Court. And you're allowing the Court to consider sentencing aggravation factors in waiver of the *Blakely* decision, is that correct?" Further, defendant failed to object on *Blakely* grounds at the time of sentencing. Accordingly, defendant waived his right to assert a *Blakely* claim on appeal. (*People v. Hill* (2005) 131 Cal.App.4th 1089, 1103.)

Exh. 4 at 7.

**D.    The *Cunningham* Decision**

In *Cunningham*, the United States Supreme Court held that California's procedure for selecting upper terms violates the defendant's Sixth and Fourteenth Amendment right to jury trial because it "assigns to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence." *Cunningham*, 127 S. Ct. at 860. The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows

a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id.* (*citing*, inter alia, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005)). The Court found that because California Penal Code section 1170(b), and the implementing California Rules of Court, allow for imposing an upper term only by a fact that a judge finds by a preponderance of the evidence, the jury trial and reasonable doubt requirements of due process are missing in California's "DSL" system. *Cunningham*, 127 S. Ct. at 868. In reaching this decision, the high court rejected *People v. Black*, 35 Cal. 4th 1238, 1255-56, 1261 (2005), the California Supreme Court's decision holding that California's upper term procedure was constitutional under *Apprendi, Blakely,* and *Booker*. *Cunningham*, 127 S. Ct. at 868-71.

**E.    Petitioner's Claim Is Procedurally Defaulted**

A federal court may not review a claim if the decision of the state court rests on a state law ground that is independent of the federal question and is adequate to support it. In other words, in all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1998). A habeas petitioner who has failed to meet the state's procedural requirements for presenting a federal claim has deprived the state courts of an opportunity to address that claim in the first instance, just as a petitioner who has failed to exhaust state remedies. *Coleman v. Thompson*, 501 U.S. at 732; *see also Harris v. Reed*, 489 U.S. 255, 265-66 (1989) (state court must, however, clearly and expressly invoke the default by providing a "plain statement" of default). Even where a state alternatively denies a petition on the merits, the state procedural bar forecloses federal review. *Harris v. Reed*, 489 U.S. at 264 & n.10; *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992).

California's contemporaneous objection rule bars federal review of a claim of trial court

error. *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004); *Jackson v. Giurbino*, 364 F.3d 1002, 1006-07 (9th Cir. 2004); *Melendez v. Pliler*, 288 F.3d 1120, 1125 (9th Cir. 2002); *Bonin v. Calderon*, 59 F.3d at 842-43; *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir. 1999); *Hines v. Enomoto*, 658 F.2d 667, 673 (9th Cir. 1981); *Garrison v. McCarthy*, 653 F.2d 374, 377 (9th Cir. 1981); *see Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). The Supreme Court has also determined that, on direct federal appeal, forfeiture applies to *Blakely* claims. *See United States v. Booker*, 543 U.S. 220, 268 (2005) (noting plain error test should be applied); *see also United States v. Cotton*, 535 U.S. 625, 627, 631, 634 (2002)).

In this case, petitioner not only failed to object but expressly waived a *Blakely* claim. The failure to object is a state procedural ground which is both independent and adequate, and is also consistently applied by California courts. The procedural bar forecloses review. *Harris v. Reed*, 489 U.S. at 264 & n.10.

Furthermore, petitioner has failed to show cause and prejudice with respect to his failure to object. See *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (cause is external impediment such as government interference or reasonable unavailability of claim's factual basis). Nor is there a "fundamental miscarriage of justice" in that a constitutional violation has "probably resulted"" in conviction of one actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Thus, this Court should deny petitioner's claim as procedurally defaulted.

**F.   The California Court Did Not Unreasonably Apply Supreme Court Precedent In Denying Petitioner's Claim**

The state court's decision to uphold petitioner's upper term sentence was reasonable because the sentence was based on petitioner's prior convictions. In this regard, the trial court found in support of the upper term the aggravating circumstances that petitioner's prior adjudications and convictions were numerous, that he was on formal probation when the crimes were committed, and that petitioner's prior performance on a grant of juvenile probation and adult probation was poor. CT 269.

While the Supreme Court said in *Cunningham* that imposition of the upper term based on an aggravating factor not found by the jury violates the Sixth Amendment, the Court retained an

Mem. of P.'s & A.'s in Supp. of Ans. to Pet. for Hab. Corpus - *Santana v. Yates, Warden* - C 07-5424 JF (PR)
8

important exception—a defendant's prior convictions. *Cunningham*, 127 S. Ct. at 860, 863-64, 868. The Court continued to recognize in *Cunningham*, as it did in prior cases, that selection of a sentence based on a defendant's prior convictions does not violate the Sixth Amendment. *Id.*; *accord Blakely*, 542 U.S. at 301; *Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Although the United States Supreme Court has never defined the scope of the prior conviction exception, a review of circuit case law shows that it was reasonable to conclude that the exception includes the type of findings that the state trial court made in the present case. *See England v. Runnels*, 2008 U.S.App. LEXIS 6542, *2 (9th Cir. 2008). For example, the Second Circuit Court of Appeals has held that the prior conviction exception allows a trial court to find "not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the 'who, what, when, and where' of a prior conviction." *United States v. Santiago*, 268 F.3d 151, 156 (2d Cir. 2001); *see United States v. Fagans*, 406 F.3d 138, 141-42 (2d Cir. 2005) ("the type and length of a sentence imposed seem logically to fall within this exception.") The Eighth Circuit Court of Appeals has held that the prior conviction exception applies to "sentencing-related circumstances of recidivism," and has agreed with the Second Circuit's opinion in *Santiago* "that it is entirely appropriate for judges to have 'the task of finding not only the mere fact of previous convictions but other related issues as well.'" *United States v. Kempis-Bonola*, 287 F.3d 699, 703 (8th Cir. 2002). The Tenth Circuit Court of Appeals has held that "the 'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime." *United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005).

Several state courts of last resort have held that the prior conviction exception includes the type of findings that the state trial court made in the present case. The California Supreme Court has indicated that the exception goes beyond the mere fact of a prior conviction to include matters such as the sentence imposed and the status and timing of the defendant's incarceration in relation to subsequent offenses. *People v. McGee*, 38 Cal. 4th 682, 700-03, (2006) (*citing with approval*

Mem. of P.'s & A.'s in Supp. of Ans. to Pet. for Hab. Corpus - *Santana v. Yates, Warden* - C 07-5424 JF (PR)

9

*People v. Thomas*, 91 Cal.App.4th 212, 221-22 (2001)).  The Maryland Court of Appeals also has observed that the prior conviction exception "is not limited solely to prior convictions. The general rule is that there is no right to a jury trial on matters related to the broader issue of recidivism." *State v. Stewart*, 791 A.2d 143, 151-52 (Md. 2002).  The Supreme Courts of Washington, Connecticut, Indiana, and Minnesota have held that the prior conviction exception includes the issue of whether the defendant was on probation at the time of the current offense.  *See State v. Jones*, 149 P.3d 636, 640-41 (Wash. 2006); *State v. Fagan*, 905 A.2d 1101, 1121 (Conn. 2006); *Ryle v. State*, 842 N.E.2d 320, 323-25 (Ind. 2005); *State v. Allen*, 706 N.W.2d 40, 47-48 (Minn. 2005).  As the Washington Supreme Court explained, "the prior conviction exception encompasses a determination of the defendant's probation status because probation is a direct derivative of the defendant's prior criminal conviction or convictions and the determination involves nothing more than a review of the defendant's status as a repeat offender." *Jones*, 149 P.3d at 640.

Furthermore, under California law, a single aggravating factor is sufficient to render a defendant *eligible* for the upper term. *People v. Osband*, 13 Cal.4th 622, 728 (1996); *see also People v. Black*, 35 Cal. 4th at 1255 (Cal. Penal Code, § 1170(b) mandates "that the middle term be imposed unless an aggravating factor is found").  Hence, a trial court's finding of a single aggravating factor circumstance based on the defendant's criminal history falls within the recidivism exception to the jury-trial requirement and is sufficient to authorize the imposition of an upper term sentence under the Sixth Amendment.  *See generally Cunningham*, 127 S.Ct. at 865 (the constitutional test focuses on the judge's "authority" to impose an enhanced sentence).

Here, it was reasonable for the state court to determine that petitioner did not have a constitutional right to a jury trial on the recidivist facts that  he was on probation at the time of the crime and had previously performed unsatisfactorily on probation. or parole, and his crimes were of increasing seriousness. CT 269. Under these circumstances, the court had the authority to impose the upper term, and could properly find other aggravating circumstances in evaluating whether to impose the upper term.  Thus, the trial court's additional aggravating circumstance findings, such as the victim was particularly vulnerable and petitioner engaged in violent conduct, also did not violate *Cunningham*.  Because petitioner's upper term sentence was based in part on petitioner's

recidivism, it was reasonable to reject petitioner's jury trial claim. For similar reasons, granting relief would impermissibly create a "new rule" because reasonable jurists could reject petitioner's claim on the ground that the trial court based the sentence on petitioner's recidivism. *See Caspari v. Bohlen*, 510 U.S. at 395.

**G.  Any Error Was Harmless**

Finally, petitioner has failed to show the alleged error had a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). The Supreme Court has held that a *Blakely*-type error in failing to submit an aggravating circumstance to a jury is subject to harmless error analysis, even when the state court did not apply harmless error in its decision. *Washington v. Recuenco*, 548 U.S. 212, 221-222 (2006); *see Fry v. Pliler*, 127 S.Ct. 2321, 2330 (2007).

As noted above, a single aggravating factor was sufficient to authorize the upper term in this case. *People v. Osband*, 13 Cal. 4th at 728. Therefore, any error was harmless if the jury would have found at least one of the aggravating circumstances true beyond a reasonable doubt.

Here, any error was harmless since the trial court's reasons for imposing the upper term were observations drawn from largely uncontested or overwhelming evidence. There was no dispute that petitioner had a criminal history and had performed poorly on probation. Moreover, petitioner and twelve other members of the Sureno street gang beat and stabbed the two victims and left them in the street to die. One victim was beaten, stabbed three times, and struck by a Sureno's car as it left the scene. The other victim was beaten and stabbed 14 times until he fell unconscious. CT 248-253. Indisputably, the victims were particularly vulnerable and petitioner engaged in violent conduct. Thus, the jury would surely have found this aggravating factor true as well if they had been asked to render a verdict on it.

Given petitioner's criminal history and the facts of the case, it is not reasonably probable that petitioner would have received a more favorable result if he had received a jury trial on his aggravating circumstances. *Brecht v. Abrahamson*, 507 U.S. at 623. Petitioner's claim fails.

## CONCLUSION

Accordingly, respondent respectfully requests that the judgment be affirmed.

Dated: June 6, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Sharon R. Wooden
SHARON R. WOODEN
Deputy Attorney General

Attorneys for Respondent

SRW/srw/lls
SF2008401284
c:\dat\Wooden\Santana.P.'s&A.'s.wpd

**TABLE OF CONTENTS**

| | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF FACTS | 2 |
| STANDARD OF REVIEW | 2 |
| ARGUMENT | 2 |
| **I. PETITIONER WAS PROPERLY SENTENCED** | 2 |
| A. Consecutive Sentences | 3 |
| B. Upper Term | 5 |
| C. Factual Background | 5 |
| D. The *Cunningham* Decision | 6 |
| E. Petitioner's Claim Is Procedurally Defaulted | 7 |
| F. The California Court Did Not Unreasonably Apply Supreme Court Precedent In Denying Petitioner's Claim | 8 |
| G. Any Error Was Harmless | 11 |
| CONCLUSION | 12 |

## TABLE OF AUTHORITIES

| | Page |
|---|---|
| **Cases** | |
| *Almendarez-Torres v. United States* 523 U.S. 224 (1998) | 9 |
| *Apprendi v. New Jersey* 530 U.S. 466 (2000) | 7, 9 |
| *Blakely v. Washington* 542 U.S. 296 (2004) | 3, 5, 7, 9 |
| *Brecht v. Abrahamson* 507 U.S. 619 (1993) | 11 |
| *Carriger v. Lewis* 971 F.2d 329 (9th Cir. 1992) | 7 |
| *Cassett v. Stewart* 406 F.3d 614 (9th Cir. 2005) | 3 |
| *Christian v. Rhode* 41 F.3d 461 (9th Cir. 1994) | 3 |
| *Coleman v. Thompson* 501 U.S. 722 (1991) | 7 |
| *Cunningham v. California* 549 U.S. 270 127 S.Ct. 856 (2007) | 5-8, 10 |
| *Duncan v. Henry* 513 U.S. 364 (1995) | 3 |
| *England v. Runnels* 2008 U.S.App. LEXIS 6542, *2 (9th Cir. 2008) | 9 |
| *Fry v. Pliler* 127 S.Ct. 2321 (2007) | 11 |
| *Garrison v. McCarthy* 653 F.2d 374 (9th Cir. 1981) | 8 |
| *Gatlin v. Madding* 189 F.3d 882 (9th Cir. 1999) | 3 |
| *Harris v. Reed* 489 U.S. 255 (1989) | 7, 8 |
| *Hendricks v. Zenon* 993 F.2d 664 (9th Cir. 1993) | 4 |

**TABLE OF AUTHORITIES (continued)**

| | Page |
|---|---|
| *Hines v. Enomoto* 658 F.2d 667 (9th Cir. 1981) | 8 |
| *Jackson v. Giurbino* 364 F.3d 1002 (9th Cir. 2004) | 7 |
| *James v. Giles* 221 F.3d 1074 (9th Cir. 2000) | 3 |
| *McCleskey v. Zant* 499 U.S. 467 (1991) | 8 |
| *Melendez v. Pliler* 288 F.3d 1120 (9th Cir. 2002) | 8 |
| *Murray v. Carrier* 477 U.S. 478 (1986) | 8 |
| *O'Sullivan v. Boerckel* 526 U.S. 838 (1999) | 3 |
| *Paulino v. Castro* 371 F.3d 1083 (9th Cir. 2004) | 7 |
| *People v. Black* 35 Cal. 4th 1238 (2005) | 7, 10 |
| *People v. McGee* 38 Cal. 4th 682 (2006) (*citing with approval People v. Thomas* 91 Cal.App.4th 212 (2001) | 9 |
| *People v. Osband* 13 Cal.4th 622 (1996) | 10, 11 |
| *Poland v. Stewart* 169 F.3d 573 (9th Cir. 1998) | 7 |
| *Rose v. Lundy* 455 U.S. 509 (1982) | 3 |
| *Ryle v. State* 842 N.E.2d 320 (Ind. 2005) | 10 |
| *State v. Allen* 706 N.W.2d 40 (Minn. 2005) | 10 |
| *State v. Fagan* 905 A.2d 1101 (Conn. 2006) | 10 |

**TABLE OF AUTHORITIES (continued)**

| | Page |
|---|---|
| *State v. Jones* 149 P.3d 636 (Wash. 2006) | 10 |
| *State v. Stewart* 791 A.2d 143 (Md. 2002) | 10 |
| *United States v. Booker* 543 U.S. 220 (2005) | 7 |
| *United States v. Booker* 543 U.S. 220 (2005) | 8 |
| *United States v. Corchado* 427 F.3d 815 (10th Cir. 2005) | 9 |
| *United States v. Cotton* 535 U.S. 625 (2002) | 8 |
| *United States v. Fagans* 406 F.3d 138 (2d Cir. 2005) | 9 |
| *United States v. Kempis-Bonola* 287 F.3d 699 (8th Cir. 2002) | 9 |
| *United States v. Santiago* 268 F.3d 151 (2d Cir. 2001) | 9 |
| *Vansickel v. White* 166 F.3d 953 (9th Cir. 1999) | 8 |
| *Wainwright v. Sykes* 433 U.S. 72 (1977) | 8 |
| *Washington v. Recuenco* 548 U.S. 212 (2006) | 11 |
| *Williams v. Taylor* 529 U.S. 362 (2000) | 2 |

**Statutes**

28 United States Code

| | |
|---|---|
| § 2254 | 2 |
| § 2254(a) | 3 |
| § 2254(b) | 2 |
| § 2254(b)(2) | 3 |
| § 2254(d)(1) | 2 |
| § 2254(d)(2) | 2 |

**TABLE OF AUTHORITIES (continued)**

| | Page |
|---|---|
| California Penal Code | |
| § 1170.15 | 4 |
| § 1170(b) | 7, 10 |