NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS SANTANA, | ) | No. C 07-05424 JF (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| JAMES A. YATES, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order to show cause issued April 10, 2008, this Court found that Petitioner had raised two cognizable claims for federal habeas relief, and ordered Respondent to show cause why the writ should not be granted. Respondent filed an answer addressing the merits of the petition. Petitioner did not file a traverse, although he was given the opportunity to do so. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and will deny the petition.

///

///

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts and procedural background are taken from the unpublished opinion of the California Court of Appeal:

> ... At approximately 1:10 p.m. on August 25, 2002, three individuals were at a gas station in Santa Rosa when they were confronted by a group of approximately 14 members of the Sureño street gang. Believing the three individuals to be members of the rival Norteño street gang, the Sureño gan members launched into a vicious attack, seriously injuring two of the individuals and leaving them for dead. One victim suffered ten to twelve stab wounds, and the other suffered a deep puncture wound to the right side of his torso, was struck repeatedly with a black baton-type device, and was hit by a vehicle as the attackers fled. During the melee, the [Petitioner] was inadvertently stabbed by one of his fellow gang members. At the time of the attack, [Petitioner] was serving a five-year suspended sentence for burglary in case no. SCR-28428.
>
> A few hours after the attack, [Petitioner] was questioned by the police and claimed to have been at a wedding reception, where he became extremely intoxicated and cut his arm on a piece of glass. A witness to the attack, who had arrived at the gas station in a vehicle driven by [Petitioner], reported that after the attack, [Petitioner] told her to tell the police the same story – that he cut his arm on a piece of glass. He said to her, "You better not talk to the cops."
>
> Under further questioning, [Petitioner] later admitted that he was involved in the attack although, as he described it, the victims provoked the Sureños by throwing objects at them and making derogatory comments, including gang references. According to [Petitioner], one of the victims stabbed him, and he struck back with a squeegee in an effort to protect himself.

See People v. Santana, A111930, slip op. at 2-4 & n.1 (Jan. 16, 2007) (Resp't Ex. 4).

Petitioner was charged with eight felonies in connection with the August 25, 2002 incident. Petitioner pleaded no contest pursuant to a negotiated plea agreement to one count of attempted murder, (count I) (Cal. Penal Code §§ 664 & 187(a)), which included admissions to the allegations that Petitioner inflicted great bodily injury and committed the crime for the benefit of a criminal street gang, and witness intimidation (count VIII) (Cal. Penal Code § 136.1(c)(1)). (Id. at 3.) Petitioner was sentenced to a total of twenty-six years, eight months in state prison for the two charges and a third unrelated charge: 1) on count I, Petitioner received 22 years, consisting of the nine-year aggravated term for attempted murder, with consecutive three- and ten-year terms

on the great bodily injury and street gang enhancements, respectively; 2) on count VIII, Petitioner received a consecutive three-year term; and 3) on an unrelated burglary charge, the court recomputed Petitioner's sentence to one year, eight months. (Id. at 3-4.)

## DISCUSSION

### A. Standard of Review

Because the instant petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes significant restrictions on the scope of federal habeas corpus proceedings. Under AEDPA, a federal court cannot grant habeas relief with respect to a state court proceeding unless the state court's ruling was "contrary to, or an involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

A federal habeas court making the "unreasonable application" inquiry should

ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B.     Analysis of Legal Claims

Petitioner has raised two cognizable claims for federal habeas relief both of which concern his sentence: (1) the trial court improperly sentenced Petitioner to a "full strength" consecutive sentence on count VIII, i.e, witness intimidation; and (2) the imposition of the upper term sentence as to count I violated Blakely v. Washington, 542 U.S. 296 (2004), and Petitioner's federal constitutional right to a jury trial.

Respondent argues that Petitioner failed to exhaust his state court remedies because his untimely petition for review was rejected by the California Supreme Court, and he did not pursue his claim by way of state collateral review. (Resp't at 2-3.) However, the court may deny a petition on the merits even if it is unexhausted. See 28 U.S.C. § 2254(b)(2), but it may do so "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In this instance, the Court will consider the claims on the merits.

#### 1.     Consecutive Sentence

State sentencing courts must be accorded wide latitude in their decisions as to punishment. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied,

488 U.S. 926, and cert. denied, 488 U.S. 981 (1988).  Generally, therefore, a federal court may not review a state sentence that is within statutory limits.  See id.  There are exceptions under the Due Process Clause and the Eighth Amendment, however.  Here, Petitioner's claims solely implicate due process concerns.

The constitutional guarantee of due process is fully applicable at sentencing. See  Gardner v. Florida, 430 U.S. 349, 358 (1977).  A federal court may vacate a state sentence imposed in violation of due process; for example, if a state trial judge (1) imposed a sentence in excess of state law, see Walker, 850 F.2d at 476; see also Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose sentence in excess of state law despite agreement of defendant to sentence), or (2) enhanced a sentence based on materially false or unreliable information or based on a conviction infected by constitutional error, see United States v. Hanna, 49 F.3d 572, 577 (9th Cir. 1995); Walker, 850 F.2d at 477; accord Brothers v. Dowdle, 817 F.2d 1388, 1390 (9th Cir. 1987) (factual basis required for factors when factors used to aggravate sentence).  Sentencing a defendant under the wrong statute may itself be a due process violation when the jury's proper discretion is impaired.  Murtishaw v. Woodford, 255 F.3d 926, 969 (9th Cir. 2001) (citing Hicks v. Oklahoma, 447 U.S. 343 (1980)); see id. (finding due process violation where jury given wrong statute to apply).

Respondent's first contention is that this claim is exclusively concerned with state law and therefore is not cognizable in federal habeas proceedings.  In addition, Respondent argues that the trial court properly imposed the full consecutive terms under the relevant state law, *i.e,*. California Penal Code § 1170.15.  (Resp't at 3-4.)

In upholding the trial court's decision to impose a consecutive sentence for the witness intimidation charge, the state appellate court concluded as follows:

> Section 1170.15 provides, "[I]f a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information pertaining to, the first felony... the subordinate term for each consecutive offense that is a felony described in this section shall consist

> of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed...."
>
> [Petitioner's] crimes fall squarely within section 1170.15, and it was proper for the court to impose a full strength, consecutive midterm sentence on count VIII. [Petitioner] pleaded no contest to one felony count of attempted murder and to witness intimidation in violation of section 136.1. It is evident from the presentencing report that [Petitioner] attempted to intimidate a witness to the attack that led to the attempted murder charge, instructing the witness to tell the police that he had cut his arm on a piece of glass and threatening that she "better not talk with the cops." Additionally, the indictment alleges that the witness intimidation occurred on or about August 25, 2002, the very date the attack occurred, and on February 2003, and was gang-related. Finally, in their statement in aggravation, the People repeatedly indicated that the section 136.1 charge arose out of [Petitioner's] threats to a witness to the assault. In light of these facts, we find it, quite frankly, incredible for [Petitioner] to assert that "the record in no way supports the conclusion that the witness intimidation count concerned a victim or witness with respect to the first felony."
>
> In arguing that the court's statement of sentencing reasons did not support a full strength consecutive sentence, [Petitioner] notes that as to count VIII the prosecution struck the street gang allegation, and claims that "the prosecutor stated that the offense was *not* gang related, which would imply it was unrelated to the attempted murder count [Citation.]" Simply put, this is wrong. In confirming that it was striking the street gang allegation, the prosecution stated, "Just for the record, we're striking that because it makes this a life offense and *not because we don't feel that it's gang related*." (Italics added.)

(Resp't Ex. 4 at 4-5.)

Petitioner's claim is without merit, as it is clear that the trial court imposed a sentence that was within statutory limits. See Walker v. Endell, 850 F.2d at 476. Petitioner claimed in his appeal, which he references in the instant federal habeas petition in support of this claim, that there was no evidence to support the conclusion that the witness intimidation was connected with the first felony, *i.e.*, the attempted murder charge under count I. In other words, Petitioner is claiming that the trial court improperly imposed a sentence under § 1170.15 because counts I and VIII are not related within the meaning of the statute. However, it is clear from the record that counts I and VIII fall squarely within § 1170.15 and constitute the related felonies described therein: 1) Petitioner was convicted of "a felony" by his no contest plea to count I for attempted murder for an attack that took place on August 25, 2002, which

involved the infliction of great bodily injury for the benefit of a criminal street gang; 2) count VIII constitutes the "additional felony" as a violation of Section 136.1 for witness intimidation to which Petitioner also pleaded no contest; and 3) the witness intimidation charge arose out of the threats Petitioner made to a witness to the attack that took place on August 25, 2002, specifically instructing the witness to tell the police that he had cut his arm on a piece of glass and threatening that she "better not talk with the cops." The trial court thus properly applied § 1170.15 in imposing the full consecutive terms for the charge of witness intimidation. Moreover, Petitioner's claim does not state a due process violation as Petitioner has presented no evidence to show that the trial court either imposed a sentence in excess of state law, Walker v. Endell, 850 F.2d at 476, or enhanced a sentence based on materially false or unreliable information. See Hanna, 49 F.3d at 577. Accordingly, the state courts' rejection of this claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

### 2. **Imposition of Upper Term and Right to Trial by Jury**

Petitioner's second claim alleges that the imposition of the upper term sentence as to count I violated Blakely v. Washington, 542 U.S. 296 (2004), thereby infringing on his federal constitutional right to a jury trial. Respondent first argues that the Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 273 (2007), does not afford Petitioner relief because the aggravating factors included prior convictions, which are an exception under Apprendi v. New Jersey, 530 U.S. 466 (2000). Alternatively, Respondent contends that the California courts' rejection of this claim was not contrary to or an unreasonable application of Supreme Court precedent, and that any error was harmless.

The Sixth Amendment guarantees a criminal defendant the right to a trial by jury. U.S. Const. Amend. VI. This right to a jury trial has been made applicable to the state criminal proceedings via the Fourteenth Amendment. Duncan v. Louisiana, 391

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.07\Santana424_denyHC.wpd          7

U.S. 145, 149-50 (1968).

The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi and its progeny, which extended a defendant's right to a trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90; see Cunningham v. California, 549 U.S. 270, 273 (2007) (finding Apprendi points to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum; therefore, California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence).

Although the trial court in this case, and not a jury, found the aggravating factors in support of an upper-term sentence, Petitioner in his plea agreement waived his right to have a jury make such findings. "Nothing prevents a defendant from waiving his Apprendi rights" in connection with a guilty plea. Blakely, 542 U.S. at 310. "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Id.[1]  In California, a plea of no contest has the same penal consequences as a guilty plea.[2]

---

[1] It appears, and Respondent does not dispute, that Apprendi, as expanded by Blakely, does apply to Petitioner's case, as Cunningham applies retroactively on collateral review to convictions that became final on direct review after the decision in Blakely on June 24, 2004. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Petitioner was sentenced on October 15, 2004, which is after Blakely was decided, and therefore Cunningham applies retroactively to Petitioner's conviction whenever it became final thereafter.

[2] California Penal Code section 1016 provides:

... [A] plea of nolo contendere shall be considered the same as a plea of

Although it rejected this claim on separate grounds, the state appellate court found that Petitioner expressly waived his Blakely/Apprendi rights in his plea agreement, thereby permitting the trial court to consider aggravating factors in determining his sentence:

> We also note that in entering into the negotiated plea agreement, [Petitioner] expressly waived any objection on *Blakely* grounds. In a written "waiver of constitutional rights prior to entry of guilty or no contest plea." [Petitioner] noted "waive *Blakely/Apprendi* rights" as a term of the negotiated disposition. And at the October 15, 2004 change-of-plea hearing, [Petitioner] himself responded, "Yes," when the court stated, "It also looks like the term will be determined by the Court. And you're allowing the Court to consider sentencing aggravation factors in waiver of the *Blakely* decision, is that correct?" Further, [Petitioner] failed to object on *Blakely* grounds at the time of sentencing. Accordingly, [Petitioner] waived his right to assert a *Blakely* claim on appeal. [Citation omitted.]

(Resp't Ex. 4 at 7-8.)

Petitioner also agreed to the following provisions with respect to counts I and VIII: "I freely and voluntarily give up my right to a court and jury trial... I understand that a no contest plea will be treated as a guilty plea and I will be sentenced as if guilty... I understand that the maximum punishment I may receive as a result of this plea is [a] determinate term in state prison of 26 years." (Clerk's Transcript at 196) (Resp't Ex. 1). "I understand that there is no agreement or indication as to the sentence I will receive on this matter. I could be sentenced up to the maximum penalty as stated above." (Id. at 197.) Petitioner agreed to other stipulations, including "sentence will

---

> guilty and [] upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admission required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.

Cal. Pen. Code § 1016 (West 2003).

be a state prison sentence, term will be determined by the court, up to the max" and to "waive Blakely/Apprendi rights." (Id.)  Pursuant to these provisions in the plea agreement, which the trial judge specifically reviewed with Petitioner at the time of the plea, Petitioner expressly waived his right to have the jury make findings pertaining to his sentence, and agreed that the trial judge would have sole responsibility to determine his sentence.  As Petitioner waived his rights under Apprendi and Blakely in his plea agreement, he is not entitled to habeas relief on this claim.  Accordingly, the state courts' rejection of this claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d).

For the foregoing reasons, the Court will deny the petition on the merits, notwithstanding Petitioner's failure to exhaust his state remedies.  See 28 U.S.C. § 2254(b)(2); see Cassett, 406 F.3d at 623-24).

## CONCLUSION

The Court concludes that Petitioner has not shown any violation of his federal constitutional rights in the underlying state criminal proceedings.  Accordingly, the petition for a writ of habeas corpus is denied.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __10/22/09_____

_____
JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LUIS ALBERTO SANTANA,

        Petitioner,

  v.

JAMES A. YATES, Warden,

        Respondent.
                                        /

Case Number: CV07-05424 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/22/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Alberto Santana T-85157
Pleasant Valley State Prison
P.O. Box 8501
A4-134
Coalinga, Ca 93210

Dated: 10/22/09

                                                Richard W. Wieking, Clerk